IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUSTIN TURNER,

                         Petitioner,

    v.                                                   OPINION and ORDER

WARDEN R.D. KEYES,                           22-cv-321-wmc

                         Respondent.

---

Justin Turner, appearing *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Turner was charged in the Northern District of Illinois with one count of conspiring to possess with intent to distribute and to distribute in excess of five kilograms of cocaine and in excess of one kilogram of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *United States v. Turner*, No. 08-cr-996, dkt. #28 (N.D. Ill. 2008). The parties entered into a plea agreement and later entered into an addendum to the plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), agreeing on a term of imprisonment of 160 months. *Id.* at dkt. ##85, 182 According to respondent, the court found that Turner was a leader/organizer of the criminal activity and imposed the agreed-upon 160-month term of imprisonment.

Turner claims that he is entitled to immediate release due to earned time credits under the First Step Act ("FSA"), 18 U.S.C. § 3632(d). Respondent opposes the petition because the BOP properly concluded that Turner's crime of conviction and the finding that he was a leader/organizer of the criminal activity makes him ineligible for FSA earned time credits.[1] Because the record before the court is incomplete and involves a statutory interpretation

---

[1] The government also seeks to seal an exhibit attached to its response (dkt. #8), which will be granted.

question the parties have not addressed, the court cannot evaluate on this record whether Turner is eligible for FSA credits. Therefore, the court will appoint counsel for Turner and set this matter for further briefing.

OPINION

The FSA contains a provision establishing a "risk and needs assessment system" allowing prisoners who successfully participate in evidence-based recidivism reduction programming or productive activities to earn credits to be applied toward time in prerelease custody or supervised release. *See* 18 U.S.C. § 3632(d)(4). In January 2022 the Bureau of Prisons finalized a new rule codifying the bureau's procedures for the earning and application of credits under this system. FSA Time Credits, 87 FR 2705-01, codified at 28 C.F.R. § 523.40 *et. seq.*

Not all prisoners may earn FSA time credits. Rather, Congress excluded categories of inmates based on the nature of the conviction for which they are serving a sentence. 18 U.S.C. § 3632(d)(4)(D). Congress in particular listed five types of convictions under the Controlled Substances Act that render the prisoner ineligible to earn FSA time credits. Each exclusion references § 841(b)(1), the penalty section for § 841(a) violations. One such exclusion is inmates with convictions under 21 U.S.C. § 841(b)(1), for distributing heroin, where the sentencing court determined the offender had a leadership role in the offense. 18 U.S.C. § 3632(d)(4)(D)(lxv). The government concedes that there is some ambiguity about how to handle a conviction in which § 841's offenses and penalties are also used to establish the sentence for § 846 conspiracy. The BOP has taken the position that an inmate is ineligible for

2

earning FSA time credits if, in establishing the § 846 conspiracy, one of the § 841(b) penalties in § 3632(d)(4)(D) was at issue.

In response to Turner's petition, the BOP reviewed Turner's eligibility. The BOP concluded that Turner is excluded from FSA time credits due to his offense of conviction and the finding that Turner played a leadership role in the offense. Respondent argues that the BOP's reasoning was valid. Yet the record raises two questions about Turner's eligibility. *First*, the sentencing court's actual findings are unclear from the record before this court: respondent's evidence for this finding is the government's briefing and sentencing documents that do not actually show the court's finding as to Turner's role in the offense. *See Turner*, No. 08-cr-996, dkts. 84, 183, 199 at 2, 257 at 3. (Respondent states that he does not have access to the transcript of the sentencing when it filed its response to Turner's petition, but will provide that transcript if requested by the court.) *Second*, the government does not explain the implications of the Rule 11(c)(1)(C) sentence on whether the court made a "finding" as to Turner's leadership role sufficient to exclude him from FSA credits. To address these two questions, the court would benefit by appointing counsel for Turner.

The court may appoint counsel for a habeas petitioner if "the interests of justice so require" and the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2)(B). In evaluating what the "interests of justice" require, courts generally consider whether the petitioner can obtain justice without an attorney considering his ability and the difficulty of the case and whether he would have had a reasonable chance of winning with a lawyer at his side. *See e.g.*, *Howard v. Gramley*, 225 F.3d 784, 794 (7th Cir. 2000). Here appointing counsel for Turner will serve the interests of justice because resolution of this petition requires development of the

3

record and a more developed argument as to the proper interpretation of § 3632(d)(4)(D)(lxv) when a Guidelines sentence is not actually imposed.

Turner still must show financial eligibility. He is incarcerated and the Federal Public Defender represented him for part of his underlying criminal case. Therefore, appointment of counsel is appropriate. *See* Admin. Office of the U.S. Courts, Guide to Judiciary Policies and Procedures, Vol. 7, pt. A, § 210.40.30(b) (Any doubts as to the petitioner's financial eligibility are resolved in his favor and erroneous determinations of eligibility may be corrected later). Upon entering an appearance, the Federal Public Defender must promptly file the appropriate financial affidavit.

## ORDER

IT IS ORDERED that:

1. The Federal Public Defender is appointed to represent petitioner. The Federal Public Defender must promptly file the appropriate financial affidavit upon entering an appearance.

2. Petitioner must file a reply by **October 6, 2022**.

Entered this 6th day of September, 2022.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge