IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUSTIN TURNER,

                Petitioner,

v.

WARDEN R.D. KEYES,

                Respondent.

OPINION and ORDER

22-cv-321-wmc

---

Petitioner Justin Turner was charged in the Northern District of Illinois with one count of conspiring to possess with intent to distribute and to distribute in excess of five kilograms of cocaine and in excess of one kilogram of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. *United States v. Turner*, No. 08-cr-996, dkt. #28 (N.D. Ill. 2008). Although Turner ultimately pleaded guilty to violating § 846 alone, that court accepted his plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), and sentenced him to an agreed term of 160 months of imprisonment.

In this court, Turner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. The court then appointed Turner counsel to brief his claim that he is entitled to immediate release due to earned time credits under the First Step Act ("FSA"), 18 U.S.C. § 3632(d). According to Turner, although the BOP had initially allowed Turner to earn FSA credits, the BOP took the position in response to this petition that Turner is disqualified from earning FSA time credits due to his offense of conviction and the sentencing court's finding that Turner played a leadership role in that offense. In opposition to Turner's petition, the government maintains that the BOP properly

concluded that Turner's crime of conviction and the sentencing court's finding that he was a leader/organizer of the criminal activity disqualifies him from earning FSA credits, citing 18 U.S.C. § 3632(d)(4)(D)(lxv).  Having reviewed the parties' submissions and recent case law interpreting the FSA's provisions excluding inmates convicted of certain crimes, the court finds that regardless of the BOP's alleged motive, the statute does *not* disqualify Turner from earning FSA credits.  Therefore, the court will grant Turner's motion and direct the BOP to calculate his remaining term of incarceration accordingly.

OPINION

The FSA contains a provision establishing a "risk and needs assessment system" allowing prisoners who successfully participate in evidence-based recidivism reduction programming or productive activities to earn credits to be applied toward time in prerelease custody or supervised release.  *See* 18 U.S.C. § 3632(d)(4).  In January 2022 the Bureau of Prisons finalized a new rule codifying the bureau's procedures for the earning and application of credits under this system.  FSA Time Credits, 87 FR 2705-01, codified at 28 C.F.R. § 523.40 *et. seq.*

Not all prisoners may earn FSA time credits.  Under 18 U.S.C. § 3632(d)(4)(D), a prisoner is ineligible to receive time credits if the prisoner is serving a sentence for certain specified convictions.  Among the dozens of excluded convictions are five types of convictions under the Controlled Substances Act.  Relevant here, 18 U.S.C. § 3632(d)(4)(D)(lxv), excludes inmates with convictions under:

> Subparagraph (A)(i) or (B)(i) of section 401(b)(10) of the Controlled Substances Act (21 U.S.C. 841(b)(1) or paragraph

> (1)(A) or (2)(A) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, dispense, or knowingly importing or exporting, a mixture or substance containing a detectable amount of heroin if the sentencing court finds that the offender was an organizer, leader, manager, or supervisor of others in the offense, as determined under the guidelines promulgated by the United States Sentencing Commission.

*Id.* Sections 3632(d)(4)(D)(lxvi)-(lxviii) contain similar language with respect to convictions under § 841(b) and § 960 involving other prohibited substances. At issue here is whether § 3632(d)(4)(D)'s phrase "a sentence of a conviction" includes Turner's conviction under § 846 because that statute directs that he be penalized under the provisions of § 841(b)(1).

As an initial matter, Turner's submissions do not show that the BOP made a specific finding as to his eligibility when Turner exhausted his administrative remedies. The government does not contend that the court should defer to the BOP's finding as to Turner's eligibility under *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984). Therefore, the government has at least forfeited, if not waived, any argument in favor of deferring to the BOP's reasoning. *See HollyFrontier Cheyenne Refining, LLC v. Renewable Fuels Ass'n*, 594 U.S. -- , 141 S. Ct. 2172, 2180 (2021) (where government did not seek *Chevron* deference, the Supreme Court declined to consider it).

As a result, the starting point of the court's analysis here is the plain language of the statute itself. *See Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992); *see also Estate of Moreland v. Dieter*, 576 F.3d 691, 695 (7th Cir. 2009) ("[T]he lodestar of statutory interpretation is legislative intent, and the plain language of the statute is the best evidence

3

of that intent") (citation omitted). If the language of the statute is unambiguous on its face, the court must enforce the statute according to its terms, provided that doing so would not "frustrate the overall purpose of the statutory scheme, lead to absurd results, or contravene clearly expressed legislative intent." *United States v. Vallery*, 437 F.3d 626, 630 (7th Cir. 2006). A statute is ambiguous when reasonable minds differ as to its interpretation. *River Road Hotel Partners, LLC v. Amalgamated Bank*, 651 F.3d 642, 649-50 (7th Cir. 2011).

The government's position as to whether the statute is ambiguous has changed. In its opposition brief, the government explained the BOP's approach to interpreting § 3632(d)(4)(D), taking the position that the statute is ambiguous with respect to whether a conviction under § 846 should be disqualifying if the defendant is sentenced under § 841(b)(1). In its supplemental response, the government then changed course, arguing instead that the statute unambiguously disqualifies § 846 convictions when one of the § 841(b) penalties in § 3632(d)(4)(D) is involved. Specifically, the government now maintains that FSA cannot credit defendants convicted of a § 846 drug conspiracy while denying credits to those convicted of § 841(a) drug offenses because both groups of defendants are serving sentences under § 841(b)(1).

Turner's interpretation of § 3632(d)(4)(D)(lxv) is more straightforward: his § 846 conviction does not render him ineligible for FSA credits under § 3632(d)(4)(D)(lxv) because he is not serving a sentence for a conviction under § 841. Applying the plain text of the statute, Turner's position is compelling. Indeed, Congress chose to list *68* offenses that render a prisoner ineligible for FSA time credits. The express language of

4

§ 3632(d)(4)(D) states that a prisoner is disqualified from earning FSA credits if he is "serving a sentence for a conviction under" one of those 68 exclusions, and § 846 is *not* listed or incorporated by reference in any of the apparently carefully listed exclusions. Thus, as Turner points out, if Congress intended to exclude prisoners who were serving a sentence imposed under § 841(b)(1), it could have excluded the phrase "for a conviction" from the statute. Because Congress included those three words, however, a sentence that arises under § 841(b)(1) does not fall under the § 3632(d)(4)(D)(lxv) exclusion.

For multiple reasons, the government insists that Congress nevertheless intended otherwise. Principally, the government argues that in opting to list the penalty provision, as opposed to § 841(a) or § 846, in §§ 3632(d)(4)(D)(lxv)-(lxviii), Congress did not intend to limit disqualifying convictions under § 841(a) only. The government further points out that Congress included many other attempt or conspiracy provisions among the exclusions listed under § 3632(d)(4)(D). *E.g.,* § 36332(d)(4)(D)(xxviii) (listing 18 U.S.C. § 1751, which includes attempts and conspiracy to commit assassination, kidnapping or assault of the President and his or her staff); § 36332(d)(4)(D)(xxx) (listing 18 U.S.C. § 1792, prohibiting instigation, connivance, attempt or conspiracy to cause a mutiny or riot in a federal correctional facility); § 36332(d)(4)(D) (xxxix) (listing 18 U.S.C. § 2251, prohibiting attempt or conspiracy to attempt at sexual exploitation of children). The government similarly cites Congress's express exemptions for conspiracy or attempt provisions from the list. *E.g.,* § 36332(d)(4)(D)(xxvii) (excluding trafficking offenses "under Chapter 77, except for sections 1593 through 1596"). However, these citations do not impact congressional *intent* with respect to § 846 in either direction. In fact, if

5

anything, the cited examples highlight the fact that for some reason Congress was intentionally silent as to § 846, but it certainly does not signal an intent to disqualify individuals convicted under that statute from earning FSA credits, nor does it even create an ambiguity as to that statute.

Next the government argues that the Supreme Court and the Seventh Circuit routinely use the phrase "convicted under" when referring to convictions involving penalty provisions like § 841(b)(1). *E.g.*, *Terry v. United States*, -- U.S. --, 141 S. Ct. 1858, 1864 (2021) (Sotomayor, J., concurring) (describing defendant as "convicted under" 18 U.S.C. § 841(b)(1); *Burrage v. United States*, 571 U.S. 204, 208 (2014) (addressing what facts a defendant can be "convicted under the 'death results' provision" of 21 U.S.C. § 841(b)(1); *United States v. Gilliam*, 255 F.3d 428, 435 (7th Cir. 2001) (life sentence is authorized for a "conviction under 21 U.S.C. § 841(b)(1)(B)(A)(ii)(ll)"). In those cases, however, the parties were not litigating the meaning of the phrase "serving a sentence for a conviction under" from § 36332(d)(4)(D), nor was the statute of conviction in dispute. The government makes the same point with respect to the Sentencing Commission, which also refers to violations of §§ 841(a) and 846 as "convictions under § 841(b)(1)." *See* U.S.S.G. § 2D1.1(a). The court accepts that courts and the Sentencing Commission alike treat convictions involving the penalty provisions of § 841(b)(1) as falling "under" that statute when calculating a sentence applying the provisions of that statute. However, neither these decisions nor U.S.S.G. § 2D1.1(a) speak directly to the interplay between § 846 and § 841(b)(1) when the judgment lists a conviction under § 846 alone. More to the point,

6

these authorities also shed no light on *Congress's* intent with respect to the phrase "serving a sentence for a conviction under" in § 3632(d)(4)(D).

Moreover, this court's reading of the applicable statute appears consistent with the approach of at least one circuit court of appeal. Indeed, the Court of Appeals for the Tenth Circuit recently accepted the same reading as uncontroversial. Specifically, in *Noe v. True*, 21-1373, 2022 WL 5080196 (10th Cir. 2022), the court rejected respondent's contrary interpretation because "'[t]he inclusion of statutory references to both the conspiracy statute and the sections describing the object of the conspiracy does not transform the judgment into one that describes a conviction of the substantive crime." *Id.* at *10 (quoting *United States v. Warren*, 5 F.4th 1078, 1081 (9th Cir. 2021)). Thus, the court reasoned that commission of an offense and a conspiracy to commit the offense are separate crimes, because "distribution of a controlled substance requires the element of distribution, while conspiracy to commit such an offense 'under § 846 does not require an over act, let alone . . . distribution.'" *Id.* (quoting *United States v. Horn*, 946 F.2d 738, 745 (10th Cir. 1991)). Therefore, the court concluded that the defendant's conviction under § 846 did "not equate to him 'serving a sentence for a conviction under' § 841(b)(1)(A), pursuant to § 3632(d)(4)(D)(lxvii)." *Id.*

Still, the government argues that *Noe* is unpersuasive because the decision was unpublished and the reasoning in *Noe* failed to give full effect to §§ 3632(d)(4)(D)(lxv)-(lxviii). In the government's view, because § 841(b)(1) provides the penalties for violations of §§ 841(a)(1), 841(a)(2) and 846, and § 960(b) sets forth the penalties for other crimes,

7

*no* inmate would be disqualified under those subsections. Although this argument requires some unpacking, the court disagrees.

In *Noe*, the defendant had been convicted under both §§ 846 and 841(b)(1), so if anything, the government had a *stronger* argument in that case since Noe had been convicted under § 841(b)(1) and thus disqualified from earning FSA credits. However, the government does not address the point the Tenth Circuit made, which is obviously also true in this case in that just like Noe, the defendant here had been convicted of the substantive crime explicitly referenced by § 841(b)(1): manufacturing, distributing, dispensing a controlled substance with intent to do so, or creating, distributing or dispending a counterfeit substance with intent. Moreover, unlike Noe, Turner was not convicted under both statutes, just § 846. That express connection between § 841(a) and § 841(b) derails the government's surplusage argument as well. Section 841(b)(1) expressly sets forth the penalties for convictions under § 841(a), supporting at least a stronger argument that when a defendant is convicted under § 841(a), he or she is convicted under § 841(b)(1).

Finally, Turner argues that the rule of lenity requires the court to resolve any ambiguity in § 3632(d)(4)(D) in his favor. In opposition, the government contends that the rule of lenity does not apply here because the statute is unambiguous. "[T]he rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended." *Barber v. Thomas*, 560 U.S. 474, 488 (2010) (citations omitted). Although the court finds that the statute is unambiguous, to the extent this

8

question is a closer call because § 3632(d)(4)(D)(lxv) lists only a penalty provision and is silent as to § 846, the court agrees that the rule of lenity appears to favor Turner as well.

Regardless, Turner's conviction does not disqualify him from earning FSA credits under § 3632(d)(4)(D)(lxv). The court will grant his petition and direct the BOP to calculate his remaining term of incarceration accordingly.

ORDER

IT IS ORDERED that:

1. Petitioner Justin Turner's petition under 28 U.S.C. § 2241 (dkt. #1) is GRANTED.

2. Responded is DIRECTED to recalculate Turner's remaining term of incarceration, finding that Turner is eligible to receive FSA credits, as provided above.

3. The clerk of court is directed to enter judgment and close this case.

Entered this 28th day of November 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge